Bryan J. Thomas (SBN# 151578)
bryan@bjthomaslaw.com
LAW OFFICES OF THOMAS AND ASSOCIATES
1801 Century Park East
24 Floor
Los Angeles, California 90067
(424) 201-5446
(424) 316-3038 Fax

Attorney for Plaintiff
Free-Free Industrial Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE-FREE<br>INDUSTRIAL CORPORATION,<br><br>          Plaintiff,<br><br>vs.<br><br>AZZURE HOME, INC.<br><br>          Defendant<br>_____ | CASE:<br><br>COMPLAINT<br>FOR TRADEMARK INFRINGMENT,<br>DILUTION, COMMON<br>LAW UNFAIR COMPETITION AND<br>PATENT INFRINGMENT<br><br>DEMAND FOR JURY TRIAL |

1.

Complaint for Trademark Infringement;
Patent Infringement et al.

Case No._____

Plaintiff Free-Free Industrial Corporation ("Free-Free or "Plaintiff"") brings this action against Azzure Home, Inc., for infringement of US Reissue Patent RE 48 332 (the "332 Patent").

# I.
# PARTIES

1.    Plaintiff Free-Free is a Taiwanese entity corporation with its principal place of business at 19th Fl., No.76, Sec. 2, Dunhua S. Rd., Da-an District, Taipei 106, Taiwan.

2. Free-Free is the leading manufacturer of high-quality acrylic products, including storage containers. Founded in 1985, with nearly four decades of industry experience and innovation, its products have been distributed to seventy-two countries worldwide and is considered the industry standard.

3.    On information and belief, Assure Home, Inc ("Azzure Home") is a New York company with its principal place of business at 141 West 36th street, suite 901, New York, NY 10018. On information and belief, Azzure Home is the trademark owner of "Kenton Grey" and has been developing, distributing, marketing, selling, and offering to sell storage containers including Kenton Grey Multipurpose Storage Containers (the "Accused Products"). The Accused Products, without authorization, contain one or more of the claimed inventions of each of the Patent-in-suit, infringes on Plaintiff's trademark and Azzure Home introduces these products into

2.

Complaint for Trademark Infringement; Patent Infringement et al.

Case No._____

the stream of commerce knowing they will be sold and/or used in this District and elsewhere in the United States.

## II.
## JURISDICTION AND VENUE

4.   The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the California State law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

5. This is also a action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271 and for such other relief as the court deems just and proper. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant, and venue in this District is proper because Defendant committed acts giving rise to this action within and/or directed to this District and has established minimum contacts within this District such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), at the time of this action. Defendant's contacts are substantial enough with the State

3.

Complaint for Trademark Infringement;
Patent Infringement et al.

Case No._____

of California to subject it to personal jurisdiction. Defendant committed acts within the district that give rise to this action.

### III.

### FREE-FREE HISTORY AND PATENTED TECHNOLOGY

8.    Free- Free Industrial Corporation was established in Taipei, Taiwan in 1985 by Mike Liu and Sylvia Chang. Mike and Sylvia had a vision to create the highest quality acrylic resin canisters and storage products for distribution and sale throughout the world.

9.    Free-Free Industrial Corporation began manufacturing canisters with their first factory located in Taiwan. It was here that Mike was instrumental in the development of revolutionary techniques still used today in the art of hand blowing acrylic resins. The business expanded along with the growth in the popularity of quality resin products. This growth allowed Free-Free Industrial Corporation to expand the product line into a variety of new consumers and industrial Housewares categories.

10. The founder's continued commitment to quality has made Free-Free Industrial Corporation a leading manufacturer of acrylic storage, serving ware, tabletop, microwave, and bath products. Free-Free Industrial is the largest manufacturer of acrylic canisters in the world.

4.

11.   In August 1993 a U.S. Division of Free-Free Industrial Corporation was established in Southern California and operates as Free-Free (USA), Incorporated dba Felli Housewares ("Free-Free"). The escalating demand from U.S. retailers for Free-Free products made this expansion successful from the start.

12. In 2005 the U.S. Division added a dba "Felli Housewares". The U.S. division continues to maintain offices, showrooms, and distribution centers that service all North American customers via domestic shipments and/or direct import.

13. Each of Free-Free's factories are able to produce custom molds and utilizes a variety of resins, from polycarbonate to polystyrene. Its products are marketed to over sixty countries under the "Felli" brand as well as other nationally recognized brands.

14. From the beginning, Free-Free Industrial Corporation's main focus was always about design and innovation. Free-Free Industrial is committed to being a leader in innovation, design and quality manufacturing.

15. Since its founding Free-Free has continued to design, develop, market, and license its custom molds, utilizing a variety of resins.

16.  Free-Free has made large-scale investments in the exploitation of its technology and since its founding, has spent millions of dollars on research and development of its valuable technology and design. Free-Free relies on the United States patent system

5.

Complaint for Trademark Infringement;
Patent Infringement et al.

Case No._____

1
2
to protect the design and technology resulting from its research and development.
3
Free-Free continued success depends on its research and development of its resins
4
 as well as the protection of intellectual property in its innovative design
5
and technology.
6

### CLAIM ONE
### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
7
### (Lanham Act§43(a)-15 U.S.C. §1125(a)-Trademark Infringement)
8
9
17. Plaintiff re-alleges and incorporates the allegations of paragraph 1-16 above.
10
18. For nearly 40 years, Plaintiff has been the industry leader in the business of
11
developing a variety of resins products. The word mark "FLIP-TITE" is known
12
throughout the world as the best quality food storage container(s) due to the patent
13
"vacuum seal "method.
14
15
19. Plaintiff is the owner of the U.S. Trademark Registration Nos. 6,926,599; US
16
Registration Nos. 4102140; the "FLIP-TITE" word mark. A copy of registration is
17
attached hereto as Exhibit A.
18
20. Through continuous and conspicuous usage, the "FLIP-TITE" word mark (the
19
"Mark") is famous in the house wares marketplace. Plaintiff has exercised legitimate
20
21
control over the uses of the Mark by it duly authorized licenses and has been diligent in
22
abating the use of the Mark by unauthorized parties.
23
21. As described in this Complaint, Defendant has infringed upon Plaintiff's registered
24
6.
25
26

trademark in interstate commerce by various acts, including, without limitation, the

adoption of the mark "Multipurpose food storage container" with infringing Cap sold

under the Kenton Grey brand, which appearance and function is identical to Plaintiff's

"Flip-Tite" products which renders the mark similar.

Defendant's conduct of selling and advertising its houseware products in connection

with the infringing mark, has caused confusion in the marketplace due to the similarity

of the two marks and appearance and function of the product.

22.   Defendant use of the infringing mark is without permission or authority from

Plaintiff and has caused and is likely to cause confusion, mistake and/or intent to

deceive those in the relevant market.

23. Defendant has used the infringing mark in connection with house ware goods and

storage containers with constructive notice of Plaintiff's registration under 15 U.S.C.

§1072.

24. Defendant was notified in writing of Plaintiff's objection to the sale of Defendant's

products under the Kenton Grey brand. Defendant continues to willfully defy

Plaintiff's notice and warning, by selling and delivering the infringing products to

retailers.

25. By engaging in the complained-of conduct, Defendant used in commerce, without

the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the

7.

Complaint for Trademark Infringement;
Patent Infringement et al.

Case No._____

registered trademark and/or reproduced, counterfeited, copied or colorable imitated the

registered trademark or applied a reproduction, counterfeit, copy or colorable imitation

of the registered trademark to its website and other tangible items intended to be used

in commerce or reach consumers in violation of 15 U.S.C. §1114.

26. Defendant infringing activities have caused and, unless enjoined by this Court, will

continue to cause, irreparable injury and other damages to Plaintiff, its business, its

reputation, and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM TWO

### (Lanham Act §43(c)-15 U.S.C. §1125(c)-Trademark Dilution)

27. Plaintiff re-alleges and incorporates the allegations of paragraph 1-26 above.

28. The commercial use by Defendant of the similar mark will cause dilution of the

Marks by "blurring.". By their acts as herein alleged, Defendant willfully intended

to trade on Plaintiff's reputation and patent, in order to cause dilution of Plaintiff's

famous Mark. As a consequence of Defendants' acts, Plaintiff is entitled to

injunctive and other relief as prayed.

## CLAIM THREE
## COMMON LAW UNFAIR COMPETITION.

29. Plaintiff re-alleges and incorporates the allegations of paragraph 1-28 above.

30. The above stated actions of Defendant are a form of unfair competition that is

prohibited under the California Unfair Competition Law (UCL), found in Business

8.

and Professions Code §§17200 and 17500. Defendant actions of violating the

Plaintiff's patent and having a similar mark, is unlawful, unfair, and fraudulent

business practice, along with false, deceptive, or misleading advertising by

advertising the product as the "multipurpose storage container" using the identical

appearance of Plaintiff's product and unauthorized use of Plaintiff's patent cap

method.

### III.
### THE PATENT-IN-SUIT

31.    The 332 Patent, entitled VACUUM SEALING CAP, duly and legally

reissued on December 1, 2020, and names Shen-Yu Liu as the inventor, attached as

Exhibit B is a true and correct copy of the 332 Patent.

32 Plaintiff is the assignee of the entire right, title, and interest in the Patent-in-suit.

33. The Patent-in-suit pertains to a vacuum sealing cap for a container, featuring an

outer and inner cap body capable of relative movement, while a compressible

sealing gasket ensures a seal when the inner cap moves towards the outer cap.

Control over the inner cap's movement is provided by a slide member and an

operating member, adjusting the gasket's contact by moving up or down. Notably,

the Patent-in-suit is tailored to address shortcomings found in prior art, where one

or more resilient clip fasteners are utilized to ensure a tight seal between the cap

9.

and container yet pose challenges and inconvenience in opening due to their structure.

**DEFENDANTS PRE-SUIT KNOLWLEDGE OF THE PATENT-IN-SUIT**

34. At least as early as July 2023, Free-Free contacted Azzure Home, via electronic mail, concerning the Patent-in-Suit and other intellectual property. Free-Free informed Azzure Home that the Accused Products infringed the Patent-in-Suit, identifying specific features of the Accused product that comprised claim features of the 332 Patent.

35. Free-Free has given notice to the public of the 332 Patent, by listing the inventions on Free- Free Industrial Corporation website (www.felli-group.com).

**CLAIM FOUR-INFRINGMENT OF U S REISSUE PATENT RE 48,332**
**(Under 35 U.S. C. § 271, *et. Seq.*)**

36. Plaintiff re-alleges and incorporates the allegations of paragraph 1-34 above.

37. Plaintiff is the current assignee of the 332 Patent and has all substantial rights to the enforcement of the 332 Patent, including the right to exclude others and to sue and recover damages for past and future infringement.

38. The 322 Patent is valid, enforceable, and was duly issued full compliance with Title 35 of the United States Code.

39. On information and belief, Azzure Home has been and is currently infringing,

10.

directly or indirectly, one or more claims of the 332 Patent in this District and

elsewhere in the United States by making, using, selling, offering to sell and/or

importing, and by actively inducing others (including at least Defendant's

subsidiaries, distributors, affiliates, retailers, customers and/or consumers) to make,

use, sell, offer to sell, and/or import the Accused Products, their components,

and/or other products containing the same that incorporate the inventions of the 332

Patent, in violation of 35 U.S.C. § 271.

40. On information and belief, and by way of illustration only, the Accused

Products include each and every element of at least claim 1 of the 332 Patent.

Claim 4 of the 332 Patent recites "A vacuum sealing cap for a container,

comprising: an outer cap body adapted to cover removably a mouth of the container

and having a top wall, *wherein said outer cap body further includes a skirt portion*

*extending downwardly from said top wall and a first upper limiting member*

*projecting downwardly and annularly from said portion*; an inner cap body

disposed below and movable toward or away from said outer cap body *and having*

*a base wall opposite to said top wall of said outer cap body*; a sealing gasket that is

disposed around an outer periphery of said inner cap body and that is compressible

by said outer cap body to abut sealingly against the mouth of the container when

11.

said inner cap body moves toward said outer cap body; a slide member movably

extending through said outer cap body and connected to said inner cap body; and an

operating member connected pivotally to said slide member above said top wall of

said outer cap body, and being pivotable between a first position, where said

operating member pulls upwardly said slide member to move said inner cap body

upwardly toward said outer cap body so that said sealing gasket is pressed sealingly

against the mouth of the container, and a second position, where *a spring element is*

*disposed between the top wall and the base wall*, and said operating member

[pushes downwardly] *causes* said slide member to be *pushed downwardly and via*

*the spring element* to move said inner cap body away from said outer cap body so

that said sealing gasket is not pressed sealingly against the mouth of the container

wherein said operating member has a transverse bottom end face and two opposite

longitudinal side faces, said bottom end face being spaced apart from a pivot point

of said operating member at a distance smaller than a distance from said pivot point

to either one of said side faces, said bottom end face facing said top wall of said

outer cap body when said operating member is in said second position, one of said

sides faces abutting against said top wall of said outer cap body when said

operating member is in said first position; and wherein said [inner cap body has a]

base wall [opposite to said top wall of said outer cap body and] is connected to said

12.

slide member, and said inner cap body has a lower limiting member extending upwardly and annularly from said base wall and indented inwardly immediately above said base wall to define an annular groove above said base wall, said sealing gasket having an inner section received in said annular groove, and an outer section extending upwardly and inclinedly from said inner section and compressible by said outer cap body to move downwardly and outwardly when said inner cap body moves toward said outer cap body."

As shown in Exhibit B, the Accused product is a vacuum sealing cap for a container.

41. On information and belief, the Accused Products comprise an outer cap body adapted to cover removably a mouth of the container and having a top wall, wherein said outer cap body further includes a skirt portion extending downwardly from said top wall and a first upper limiting member projecting downwardly and annularly from said skirt portion; an inner cap body disposed below and movable toward or away from said outer cap body and having a base wall opposite to said top wall of said outer cap body; a sealing gasket that is disposed around an outer periphery of said inner cap body and that is compressible by said outer cap body to abut sealingly against the mouth of the container when said inner cap body moves toward said outer cap body.

13.

42. Further with regards to claim 4 of the 332 Patent, the Accused Product comprises a slide member movably extending through said outer cap body and connected to said inner cap body; and an operating member connected pivotally to said slide member above said top wall of said outer cap body, and being pivotable between a first position, where said operating member pulls upwardly said slide member to move said inner cap body upwardly toward said outer cap body so that said sealing gasket is pressed sealingly against the mouth of the container, and a second position, where a spring element is disposed between the top wall and the base wall, and said operating member causes said slide member to be pushed downwardly and via the spring element to move said inner cap body away from said outer cap body so that said sealing gasket is not pressed sealingly against the mouth of the container; wherein said operating member has a transverse bottom end face and two opposite longitudinal side faces, said bottom end face being spaced apart from a pivot point of said operating member at a distance smaller than a distance from said pivot point to either one of said side faces, said bottom end face facing said top wall of said outer cap body when said operating member is in said second position, one of said side faces abutting against said top wall of said outer cap body when said operating member is in said first position; and wherein said base wall is connected to said slide member, and said inner cap body has a lower

14.

limiting member extending upwardly and annularly from said base wall and

indented inwardly immediately above said base wall to define an annular groove

above said base wall, said sealing gasket having an inner section received in said

annular groove, and an outer section extending upwardly and inclinedly from said

inner section and compressible by said outer cap body to move downwardly and

outwardly when said inner cap body moves toward said outer cap body.

43. Defendant Azzure Home was given notice under 35 U.S.C.

§287(a) of the 332 Patent via a cease-and-desist letter notifying of the infringement

of the Patent-in-Suit by specific product and Free-Free website clearly list the 332

Patent.

44. Defendant Azzure Home infringement has been, and continues to be knowing,

intentional, and willful. Moreover, Defendant Azzure Home has knowingly and

intentionally induced others, including its subsidiaries, distributors, affiliates,

retailers, customers and/or consumers, to directly infringe by making, using,

selling, offering to sell, and/or importing into the United States the Accused

Products that infringe one or more claims of the 332 Patent.

45. Defendant Azzure Home acts of infringement of the 332 Patent have caused and

will continue to cause Plaintiff damages for which Plaintiff is entitled to

compensation pursuant to 35 U.S.C. §284.

15.

Complaint for Trademark Infringement;
Patent Infringement et al.

Case No._____

46. Defendant Azzure Home acts of infringement of the 332 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm, for which there is no adequate remedy at law unless this Court enjoins such

infringing activities pursuant to 35 U.S.C. §283.

47. This case is exceptional and therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, Free-Free respectfully request the following:

A. Defendant be preliminary and permanently enjoined from using the "Multipurpose Storage Container" mark or any design similar thereto, pursuant to 15 U.S.C. §1116(a)

B. A Judgment that Defendants have infringed one or more claims of the Patent-in-suit;

C. A Judgment awarding Fee-Free damages resulting from the Defendants' infringement of the Patent-in-Suit;

D. A Judgment that Defendants have willfully infringed the Patent-in-suit;

E. A Judgment that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C.§284;

16.

Complaint for Trademark Infringement;
Patent Infringement et al.

Case No._____

F. A Permanent injunction preventing Defendant, its officers, directors, attorneys, agents, servants, employees, parties in privity with, and all persons in active concert or participating with any of the foregoing, from infringing the Patent-in-suit, pursuant to 35 U.S.C. 283;

G. A judgment requiring Defendant to pay Free-Free's costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the Patent-in-suit;

H. A judgment finding that this is an exceptional case and awarding Free-Free its reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

I. Such other relief as the Court

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial of all issues triable to a jury.

DATED: July 14, 2024,                    Respectfully Submitted,
                                         THOMAS & ASSOCIATES


                                         By: _____
                                             Bryan J. Thomas
                                             Attorney for Plaintiff
                                             Free-Free Industrial

17.

Complaint for Trademark Infringement;
Patent Infringement et al.

Case No._____